O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LISSETTE BUCIO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DEBORAH K. JOHNSON, Warden,<br><br>　　　　Respondent. | Case No. CV 14-5025 R (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in her Petition and Reply, and lack merit for the reasons set forth in the Report and Recommendation. There are two issues, however, that warrant brief amplification here.

First, in her Objections, Petitioner asks the Court to compare the negative police experiences of the stricken juror with those of two non-stricken jurors, in order to find that the prosecutor used her peremptory strike discriminatorily. (Objections at 3-6.)

As a general matter, when conducting "side-by-side comparisons" of prospective jurors, there is "evidence tending to prove purposeful discrimination" where "a prosecutor's proffered reason for striking a black panelist applies just as well

to an otherwise-similar nonblack [panelist] who is permitted to serve [on the jury]." *Miller-El v. Dretke*, 545 U.S. 231, 241 (2005).

      Here, as noted by the Court of Appeal, the retained jurors' "experiences with law enforcement did not share the same recency and severity as [the stricken juror's]," *i.e.*, one juror's interaction was decidedly less severe, and the other's was considerably removed in time. (Lodg. No. 8 at 5-6.) Thus, "the prosecutor's decision not to excuse these other jurors does not give rise to an inference of discriminatory animus." (*Id.*)

      Nor does the Court find evidence of discriminatory intent in the prosecutor's decision to ask the stricken juror about her failure to file a complaint against the offending officer. (*See* Objections at 5-6.) Such questioning – even if not posed to other jurors with negative police experiences – is not unexpected, where the questioned juror's mother works in police internal affairs, hence affording her easy access to such remedy. (*See* Reporter's Transcript at 717-18.)

      As such, a comparative juror analysis does not save Petitioner's claim. *See Jamerson v. Runnels*, 713 F.3d 1218, 1230-32 (9th Cir. 2013).

      Second, Petitioner notes in her Objections that "a criminal defendant may object to race-based exclusions of jurors effected through peremptory challenges whether or not the defendant and the excluded juror share the same races." (Objections at 1 (quoting *Powers v. Ohio*, 499 U.S. 400, 402 (1991).) That is absolutely true. Indeed, Petitioner has raised, and the Court has considered, exactly such a challenge.

      However, the fact that Petitioner's race differs from that of the excluded juror is not "irrelevant to Petitioner's federal claim." (Objections at 1.) Rather, this difference is one of many factors to be weighed in the consideration of Petitioner's claim. *See Powers*, 499 U.S. at 416 ("Racial identity between the defendant and the excused person . . . may provide one of the easier cases to establish both a prima facie case and a conclusive showing that wrongful discrimination has occurred.").

      Here, the consideration of that factor – in combination with the two convincing, race-neutral reasons articulated by the prosecutor and discussed in the Magistrate

Judge's Report and Recommendation – leads the Court to find that the prosecutor did not exercise her peremptory challenge discriminatorily.

Notably, even absent that factor, the Court would reach the same conclusion.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: January 9, 2015

_____
HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE